IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN MALDONADO

     Plaintiff,

v.                                                              Civ. No. 19-1132 KG-KBM

MICHAEL MEDINA,
KERRI CLARK,

     Defendants.

## ORDER OF DISMISSAL

This matter is before the Court following Plaintiff's failure to prosecute this civil rights action and comply with Orders.   Plaintiff is incarcerated at the Otero County Prison Facility (OCPF).   On December 2, 2019, he filed a Complaint raising claims under 42 U.S.C. § 1983. (Doc. 1).   The Complaint alleges the Sixth Judicial District Court Clerk's Office is inappropriately charging Plaintiff a copy fee for records.   (Doc. 1) at 2.   On December 6, 2019, the Court entered its first Order to Cure Deficiency (First Order).   (Doc. 2).   The First Order observed that Plaintiff failed to prepay the $400 filing fee or file an *in forma pauperis* motion along with a six-month inmate account statement.   The Court directed him to cure this deficiency within thirty days.   The Clerk of Court also mailed Plaintiff a form complaint and *in forma pauperis* motion, along with instructions on how to file a six-month account statement.

Plaintiff complied with the First Order, in part.   He filed a *in forma pauperis* motion, but he did not submit a six-month account statement.   (Doc. 5).   The account statement is required by statute, and there is no statutory mechanism to waive the requirement.   *See* 28 U.S.C. § 1915(a)(2) (Prisoners who file a civil action "shall submit a certified copy of the trust fund account

statement … for the 6-month period immediately preceding the filing of the complaint"). Accordingly, the Court entered a Second Order to Cure Deficiency (Second Order).   (Doc. 6). Plaintiff was given one more opportunity to submit a six-month account statement by June 8, 2020. The Second Order warned that "[t]he failure to timely comply … will result in dismissal of this action without further notice."   (Doc. 6) at 1.   Plaintiff did not submit an account statement or otherwise respond to the Second Order.   Hence, the Court will dismiss this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with Orders.   *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) … has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the … court's orders.").

IT IS ORDERED:

1. Plaintiff's Civil Rights Complaint (Doc. 1) is dismissed without prejudice.

2. The Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE

2